UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CR-61-1-TCK |
| | ) |
| JAMES FRANKLIN BROOKS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are the Motion to Vacate, Set Aside, or Correct Sentence filed by the defendant, James Franklin Brooks ("Brooks") and the Motion to Dismiss Defendant's Successive §2255 Motion filed by the United States. Doc. 136, 139.

**I.   Background**

On May 7, 2008, Brooks was convicted after a jury trial of Hobbs Act robbery (Counts One and Two); use and carry of a firearm during a crime of violence (Counts Three and Four); and felon in possession of a firearm and ammunition (Count Five). Doc. 59. He was sentenced to a total term of 435 months imprisonment. Doc. 82 at 2. The criminal judgment was affirmed on direct appeal. Doc. 107. Thereafter, Brooks filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255(a), which the Court denied on June 12, 2013. Docs. 112, 119.

In 2019, the Supreme Court invalidated the residual clause in 18 U.S.C. §924(c)(3)(B), holding that it was unconstitutionally vague. *United States v. Davis*, 139 S.Ct. 2319 (2019). As a result, on December 23, 2019, the Tenth Circuit authorized Brooks to file a second or successive §2255 motion. Doc.131. In a minute order entered March 30, 2020, the Court appointed counsel

for purposes of filing the successive §2255 motion. Doc. 133. On May 29, 2020, Brooks—citing the Supreme Court's decision in *Davis*—filed the pending motion asking that the convictions in Counts 3 and 4 be set aside and vacated. Doc. 137. The United States subsequently filed a Motion to Dismiss, arguing that the Court cannot rule in Brooks' favor under current Tenth Circuit law. Doc. 139.

A petitioner must satisfy two procedural requirements before the Court can address the merits of a second or successive §2255 motion. First, he must make a prima facie showing to the court of appeals that the motion satisfies the requirements of §2255(h), which is defined as "a sufficient showing of possible merit to warrant fuller exploration by the district court." Second, there must be a determination by the district court that the petition does, in fact, satisfy those requirements. *United States v. Pullen*, 913 F.3d 1270, 1276 (10th Cir. 2019).

By obtaining certification from the Tenth Circuit, Brooks has satisfied the first procedural requirement. Now before the Court is the question of whether, pursuant to §2255(h)(2), his motion actually relies upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *Pullen*, *supra*.

In his motion, Brooks acknowledges that Tenth Circuit precedent forecloses his motion because it holds that Hobbs Act robbery is a crime of violence under the elements clause of §924(c)(3)(A); that the ruling necessarily means that there is no "substantial and injurious effect" from any error relating to the residual clause; and that "[g]iven the existing law as of this date, it would be frivolous to maintain that constitutional error is harmful under the *Brecht* standard, or that a remedy is appropriate." Doc. 138 at 5-6 (citing, *inter alia*, *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018)). However, he states that his motion "is intended to lodge Mr.

Brooks' claim for the record, which might serve him if the controlling precedents are reversed by the Tenth Circuit or the Supreme Court." *Id.* at 6.

The United States agrees that Brooks' motion is foreclosed by the Tenth Circuit's holding in *Melgar-Cabrera*, and that on that basis alone, the motion is subject to dismissal. Doc. 139 at 4. However, it also asserts that Brooks is wrong in arguing the Court may consider his claim on its merits in the first instance, since he cannot meet the second procedural hurdle for a successive motion under §2255. Specifically, it contends that because Hobbs Act robbery requires as an element the use, attempted use or threatened use of force, he cannot meet his burden of establishing he was convicted based on the residual clause in §924(c)(3)(B) rather than the elements clause in §924(c)(3)(A). Accordingly, he cannot show that *Davis*'s invalidation of the residual clause had any effect on the validity of his convictions and cannot satisfy §2255(h)(2) by showing that his motion rests on the new rule of constitutional law enunciated in *Davis*. The United States argues that, consequently, Brooks' motion should be dismissed rather than denied.

The Hobbs Act, 18 U.S.C. §1951(b)(1), defines robbery, in pertinent part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. §1951(b)(1). Although the Tenth Circuit held that the residual clause in §924(c)(3)(B) was unconstitutionally vague, it recognized that Hobbs Act robbery still qualified as a crime of violence under the elements clause of §924(c)(3)(A). *See Melgar-Cabrera*, *supra*, at 1060 n. 4 (stating that although it had "held that the residual clause in §924(c)(3)(B) is unconstitutionally vague . . . [t]hat outcome does not affect Mr. Melgar-Cabrera's appeal given

3

our conclusion that Hobbs Act Robbery is a crime of violence under the elements clause of §924(c)(3))." Moreover, a panel of the Tenth Circuit has explicitly recognized *Davis* did not alter the holding that Hobbs Act robbery is a crime of violence under the elements clause. *United States v. Myers*, 786 Fed. Appx. 161, 162 (10th Cir. Nov. 27, 2019) (unpublished) (noting that "*Melgar-Cabrera* is still binding precedent on this court").

Because Defendant cannot show that his convictions were based on the residual clause in §924(c)(3)(B), which *Davis* invalidated, his successive §2255 motion cannot be said to rely on *Davis*, and he cannot satisfy the requirement that his motion be based on a new rule of constitutional law. Defendant's failure to surmount §2255(h)(2)'s second procedural hurdle requires that his motion be dismissed rather than denied on the merits.

Accordingly, the United States' Motion to Dismiss (Doc. 139) is granted and Defendant's successive §2255 motion (Doc. 136) is dismissed.

ENTERED this 13th day of October, 2020.

TERENCE C. KERN
United States District Judge